ROBERT J. HOAGLUND AND BARBARA J. HOAGLUND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hoaglund v. Commissioner
Docket No. 11682-81.
United States Tax Court
T.C. Memo 1982-688; 1982 Tax Ct. Memo LEXIS 53; 45 T.C.M. (CCH) 219; T.C.M. (RIA) 82688; November 29, 1982. Robert J. Hoaglund, pro se. Christine Barish, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned for trial to Special Trial Judge Darrell D. Hallett, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioners' 1977 Federal income *54 tax in the amount of $1,175. The issue for decision is whether petitioners are liable for recapture of the principal residence credit as provided in section 44(d). [1]
Petitioners resided in Cerritos, California, at the time the petition was filed. During 1975, petitioners purchased a new principal residence with respect to which they claimed and were allowed on their 1975 return the credit provided by section 44. On or about April 20, 1976, petitioners sold this residence. In connection with the sale, petitioners' purchaser assumed an obligation served by a first trust deed and petitioners financed a portion of the purchase price. The portion of the purchase price financed by petitioners was secured by a second deed of trust. Also during April 1976, petitioners purchased another residence, the original use of which did not commence with petitioners. In March 1977, petitioners received a notice of default stating that the individuals who purchased their prior residence in 1975 had defaulted on the obligation served by the first deed of trust. The lending institution *55 involved thereafter had the house sold and petitioners' obligation secured by the second deed of trust was fully satisfied from the sale proceeds by May 1977. During February 1978, petitioners purchased another residence, the original use of which commenced with them. In June of 1978 petitioners sold the residence they had acquired in April 1976. Respondent determined that the amount of the new residence credit allowed petitioners for the tax year 1975 must be added to petitioners' tax liability for the tax year 1977. Section 44(d) provides that if a taxpayer disposes of property with respect to which the credit provided by section 44(a) has previously been allowed within 36 months of its acquisition, and the taxpayer does not acquire a new replacement residence within a period of time which, as applied to petitioners' situation, amounts to 18 months, then the amount of the credit previously allowed must be added to the taxpayer's tax liability for the year within which the replacement period terminates. Petitioners do not dispute that the residence they purchased in 1976 was not a "new" residence within the meaning of section 44(d), such that its purchase did not operate *56 to preclude petitioners' recapture of the credit triggered by their sale of the residence with respect to which the credit was originally taken. Petitioners' sole argument is that they should have a period of 18 months from the spring of 1977 within which to acquire a new principal residence, and, since they did acquire a new residence in February 1978, that should suffice. Petitioners argue that this should be the case since they retained an interest in the residence "sold" during 1975 in the form of a second deed of trust, and their purchaser defaulted on the second deed of trust in the spring of 1977. In view of these circumstances, petitioners argue that the replacement period should commence no earlier than the time when their purchaser defaulted. We must reject petitioners' argument. Section 44(d) requires recapture if the taxpayer "disposes of property." Section 1.44-4(a)(3), Income Tax Regs., provides generally that section 44(d) "applies to all dispositions of property, including sales * * *." We think the terms "disposed of" in the statute and "disposition" in the regulations are clearly broad enough to encompass petitioners' 1975 transfer of their interest in the residence *57 involved to the purchaser, subject to a second deed of trust. We see no basis for concluding that petitioners' retention of a security interest in the residence, which is the essence of the second deed of trust, precludes the transaction involving their residence in 1975 from being considered a "disposal" within the meaning of the statute, nor do petitioners cite us any authorities for this proposition. Accordingly, we must sustain respondent's determination. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩